

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 14, 1964

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Dear Sir:

Opinion No. C-243

Re: Whether the ballot for use
on voting machines in the
general election must permit
straight-ticket voting by
a single operation for
voters eligible to vote
for federal offices only.

      You have requested an opinion on whether the ballot
prepared for use on voting machines in the general election
must be so arranged that voters who are eligible to vote for
federal offices only may vote a straight party ticket by
operation of a single lever or device.

      Section 1 of the 24th Amendment to the United States
Constitution, ratified in January of this year, reads as follows:

> "The right of citizens of the United States
> to vote in any primary or other election for
> President or Vice President, for electors for
> President or Vice President, or for Senator or
> Representative in Congress, shall not be denied
> or abridged by the United States or any State
> by reason of failure to pay any poll tax or
> other tax."

      Article 5.02a of Vernon's Texas Election Code, which
became effective upon ratification of the 24th Amendment, pro-
vides the procedures by which persons subject to the state poll
tax may register and vote for the offices enumerated in the 24th
Amendment without payment of the tax. Subdivision 3 of Article
5.02a provides in part as follows:

> "* * * When such persons offer to vote, the
> election officers *** shall furnish them with a
> ballot containing only the offices and candidates
> on which they are entitled to vote. When other
> offices or propositions are to be voted on at the
> same election, the election officers may provide
> separate ballots listing only the federal offices
> to be voted on, or may use the regular ballots
> prepared for the election, from which all other

-1176-

offices and propositions have been stricken.
When the ballot is to be cast on a voting
machine, all other offices and propositions
shall be locked out before the voter enters
the machine. * * *"

One of the requirements that a voting machine must
meet in order to be approved for use at elections in Texas is
that it "must be so constructed that a voter cannot vote for a
candidate or on a proposition for whom or on which he is not
lawfully entitled to vote." Election Code, Art. 7.14, Sec. 2.
Section 8 of Article 7.14 sets out by implication another require-
ment, namely, that the machine be so constructed that a voter in
a general election may vote for all the candidates of a political
party by operation of a single lever (called the "party lever")
or other device. This requirement is implied in the following
provision:

" * * * In general elections, * * * the names
of all candidates of one political party shall be so
arranged that a voter may be able to cast his ballot
for such candidates as he may desire or to cast one
ballot for all the candidates of that political party.
In primary elections, however, the ballot shall be so
arranged and the lever so locked as to prevent the
voting of straight tickets. * * *"1/

Heretofore, all voters in the general election have
been entitled to vote for all offices listed on the ballot,
except for sporadic individual voters who were entitled to
vote for state-wide offices and certain district offices but
were not entitled to vote for county and precinct offices because
they had not resided within the county for six months preceding
the election. See Att'y Gen. Op. WW-952 (1960). There was no
defined class of voters eligible to vote for only part of the
offices listed on the ballot, as we now have with the class which

---

1/ The corresponding provision for straight-ticket voting on
paper ballots is found in Article 6.06 of the Election Code, as
follows: "When party columns appear on a ballot, a voter desiring
to vote a straight ticket may do so by running a line with a
pencil or pen through all other tickets on the official ballot,
making a distinct marked line through all tickets not intended to
be voted; and when he desires to vote a mixed ticket, he shall do
so by running a line through the names of such candidates as he
desires to vote against."

may vote for federal offices only. Voting machines which provided the facility for straight-ticket voting by persons qualified to vote for all offices listed on the ballot were deemed to meet the requirements of the law, and many of the machines now in use in this State are not equipped to provide straight-ticket voting for both the fully qualified voters and the voters eligible to vote for federal offices only. It is stated in your opinion request that straight-ticket voting for this special group cannot be provided on the machines owned by Dallas County without additional cost to revamp the machines.

In most counties, there are usually 25 or more offices listed on the general election ballot, and the number in some counties runs as high as 40 or more. The purpose of providing for straight-ticket voting by a single operation is to simplify and expedite voting by those persons who wish to avail themselves of the method. Oughton v. Black, 212 Pa. 1, 61 A. 346, 4 Ann.Cas. 149 (1905). The maximum number of federal offices which will be listed on the ballot is four, and in some years there will be only two.2/

In our opinion, the law does not require that persons eligible to vote for federal offices only be able to vote a straight ticket by operation of a single lever. It is no great burden for the voter to have to cast his vote for these offices individually, and the reason for the straight-ticket requirement does not exist with respect to this class of voters. The wording of the statute is that the voter must be able to cast one ballot "for all the candidates of that political party." We construe this to mean that the requirement is fulfilled if the voters entitled to vote for all the candidates of the party are able to do so by operation of a single device. We do not believe the Legislature intended to require that a similar convenience be provided for those voters eligible to vote for only a small portion of the listed offices.

Depending on the number of offices and the type and capacity of the voting machine, it will be possible in some counties

---

2/ At the general election in 1964, the federal offices which will appear on the ballot are President and Vice-President listed as one race (Election Code, Art. 6.05), United States Senator, United States Representative, and Congressman-at-Large. There might be occasions when more than one race for Congressman-at-Large would appear on the ballot, but they would be rare.

to arrange the ballot in such a manner that both the fully qualified voters and those eligible to vote for federal offices only will be able to vote a straight ticket by operation of a single lever. On some machines, this can be done by listing all offices, including the federal offices, on a ballot for use of the fully qualified voters, and by listing the federal offices as a separate ballot for use by voters eligible to vote for those offices only. Although the law does not require the convenience of single-lever voting for the second class, there is no provision of law which would prevent the election authorities from providing it if they are able to do so.

The question has been raised as to whether the prohibition in Article 6.01 of the Election Code against a candidate's name appearing more than once on the official ballot would prevent the listing of candidates for federal offices as a separate ballot on the face of the voting machine. This provision in Article 6.01 reads as follows:

> " * * * The name of no candidate shall appear more than once upon the official ballot, except (a) as a candidate for two (2) or more offices permitted by the Constitution to be held by the same person; or (b) when a candidate has been duly nominated for the office of President or Vice-President of the United States and also for an office requiring a state-wide vote for election. * * *"

This provision is designed to prevent a person from having his name listed on the ballot in more than one capacity--e.g., as the nominee of more than one political party for the same office, or as a candidate for two different offices. Article 5.02a expressly permits the use of a separate paper ballot listing federal offices only. When separate ballots are used, the official ballot furnished to each voter will contain the name of each candidate only once, and there is no inconsistency between this authorization for preparation of separate ballots and the quoted provision in Article 6.01. Similarly, where the federal offices are listed as a separate ballot on the face of the voting machine, either the full ballot or the federal-offices-only ballot will be locked out before each voter enters the machine, depending on whether he is a fully qualified voter or one eligible to vote for federal offices only. In effect each voter will be furnished with only one ballot, containing the name of the candidate only once. We are of the opinion that this arrangement does not violate Article 6.01.

## SUMMARY

It is not necessary that the ballot for use on voting machines in the general election be so arranged that voters eligible to vote for federal offices only will be able to vote a straight ticket by operation of a single lever or other device. However, it is permissible to provide this facility for voters eligible to vote for federal offices only, if the election officers are able to do so on the particular machines in use at the election. This facility must be provided for fully qualified voters.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:wb:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Lloyd Martin
Jack Goodman
Norman Suarez

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone